**STATE OF NEW MEXICO, Plaintiff-Respondent,**

v.

**Charlie TARTAGLIA, Defendant-Petitioner.**

**STATE OF NEW MEXICO, Plaintiff-Respondent,**

v.

**Eddie CANDELARIA, Defendant-Petitioner.**

**STATE OF NEW MEXICO, Plaintiff-Respondent,**

v.

**Pedro M. TARTAGLIA, Defendant-Petitioner.**

**STATE OF NEW MEXICO, Plaintiff-Respondent,**

v.

**Frances JARAMILLO, Defendant-Petitioner.**

**Crim. Nos. 21785, 23787, 23794, 23327, 23412 and 23500.**
**Civ. No. 10306.**

United States District Court, D. New Mexico.

Oct. 18, 1973.

James L. Brandenburg, Dist. Atty., Albuquerque, N. M., for plaintiff-respondent.

Louis G. Stewart, Jr., Albuquerque, N. M., for defendants-respondents.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

The petitioners in this matter, all of whom are defendants in criminal proceedings in State Court, seek to remove their trials from State Court to Federal Court based on the removal statute 28 U.S.C. Section 1443(1) & (2). Petitioners allege that their right to equal civil rights as protected by the Fourteenth Amendment of the United States Constitution and by 42 U.S.C. Section 1981 have been and are being denied them by law enforcement officers, by the Office of the District Attorney, and by the State of New Mexico. The petitioners claim basically that they are Spanish surnamed individuals and that the aforementioned parties are guilty of systematically and deliberately arresting and trying Spanish surnamed individuals for the offenses of possession and distribution of heroin in a manner which is disproportionate and discriminates against Spanish surnamed individuals as a race. Further, that the petitioners have been indicted as a result of their attempting to "give evidence" at previous trials and that these present indictments are an attempt by law enforcement officers, the District Attorney's Office, and the State of New Mexico to prohibit Spanish surnamed individuals from giving evidence at their trials. The State has filed a motion to remand.

Generally, the removal of criminal prosecutions from State to Federal court under 28 U.S.C. Section 1443 is a procedure which has been allowed in only very limited cases.

First it should be pointed out that 28 U.S.C. Section 1443(2) is not available in this case as a grounds for removal for these private individuals since the Supreme Court has clearly pointed out in Greenwood v. Peacock, 384 U.S. 808 at page 824, 86 S.Ct. 1800, 16 L.Ed.2d 944, that the second subsection of Section 1443 confers the privilege of removal only on behalf of Federal officers or agents and those authorized to act with them in executing duties under any Federal law providing for equal civil rights. Therefore, the individual petitioners in this case have no right of removal under that subsection.

Secondly, the Court considers whether 28 U.S.C. Section 1443(1) may be a basis here for removal of petitioners' criminal prosecutions. That subsection provides for removal for "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." The Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, discussed this particular subsection at great length and concluded that the phrase "any law providing for . . . equal civil rights" meant any law providing for specific civil rights stated in terms of racial equality. In other words broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under Section 1443(1). Therefore, petitioners' claims based thereon do not afford them a basis for removal.

Thus, 42 U.S.C. Section 1981 which provides that "All persons . . . shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence . . . as is enjoyed by white citizens . . . ." is the only law cited by petitioners which provides for specific civil rights in terms of racial equality so as to possibly afford them a basis for the removal sought.

However, the Supreme Court in Georgia v. Rachel, further made it clear that removal would be allowed only when a person is "denied or cannot enforce" a specific Federal right "in the courts of the State." The Supreme Court in its opinion in the Rachel case stated that removal was warranted only if it could be predicted by reference to a law of general application that the defendants would be denied or could not enforce the said specific Federal right in the State Courts, citing Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664, and Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667. This was reiterated by the Supreme Court in Greenwood v. Peacock, supra, where the court said that Section 1443(1) permits removal only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

Petitioners cannot say, nor do they even contend, that the State law which permits prosecution for the sale and possession of heroin is such a statute. The State statute which provides for prosecution of these offenses can hardly be said to inevitably deny the petitioners, by the very act of bringing them to trial, their Federally protected right to "give evidence" as pronounced in 42 U.S.C. Section 1981. Certainly no Federal law confers a right on private citizens to possess and sell heroin and certainly no Federal law confers immunity from State prosecution for these types of charges, see Greenwood v. Peacock, 384 U.S. 808, 816, 86 S.Ct. 1800, 16 L.Ed.2d 944.

Thus, the State statute allowing prosecution for possession and sale of heroin is not such a statute that specifically infringes on petitioners' Federally protected rights thereby affording a basis for removal itself; and certainly it cannot be argued, as was done in the Rachel case, that prosecution under the State statute allows for a prediction by reference to this particular law that the defendants will be denied or cannot enforce their Federally protected right to give evidence in the State courts, Georgia v. Rachel, 384 U.S. 780, 800, 86 S.Ct. 1783, 16 L.Ed.2d 925.

The claim of petitioners, then, can be seen to boil down to an allegation that their equal civil rights have been denied by State officials, that the charges against them are false, and that they will not be able to obtain a fair trial in State court. The Supreme Court clearly pointed out in Greenwood v. Peacock, supra, at page 827 of 384 U.S., 86 S.Ct. 1800, that these allegations are simply not enough to support removal under Section 1443(1). Further, there is no

reason to suspect that the Federal rights of these petitioners would not be protected by either the State trial court or the appellate courts within the State. As pointed out in the Greenwood case, the petitioners always have several methods available to them to appeal to the Federal courts if their Federal rights are not protected in the State proceedings. Further, as also pointed out in the Greenwood case, other forms of relief are available in Federal courts against State officers who violate the petitioners' Federal constitutional and statutory rights.

This case therefore not appearing to be one properly removable to this Court it is ordered that the petition for removal be dismissed and that the motion for remand filed on behalf of the State of New Mexico be granted.