[No. 35463. Department Two. August 11, 1960.]

THE STATE OF WASHINGTON, *on the Relation of John F. Sharf, Appellant,* v. MUNICIPAL COURT OF SEATTLE, *William H. Simmons, Judge, Respondent.*[1]

*Heckendorn & McNair,* for appellant.

ROSELLINI, J.—The relator was convicted of driving while under the influence of intoxicating liquor and of negligent driving by the respondent judge on October 26, 1959. He was sentenced to pay fines of two hundred dollars and fifty dollars, respectively, on the two convictions, and his driver's license was suspended for one year. Immediately thereafter he was remanded to the custody of the sheriff until he fulfilled the sentence of the court. He paid the fines; and his driver's license having been previously surrendered to the director of licenses, he was released.

On November 14, 1959, while working at his job in Pasco, relator was arrested by two officers of the Seattle police department under a warrant issued by the respondent

[1]Reported in 354 P. (2d) 692.

ordering his arrest for "re-sentencing of case heard 26 October 1959."

The officers returned the relator to Seattle and confined him in the city jail until two days later when he posted bond for eight hundred dollars, at a cost to him of seventy-five dollars. There were and are no charges pending against relator and no complaint was filed other than the one under which relator had already been convicted and sentenced. The respondent having indicated that the imposed sentence would be increased, the relator applied to the superior court for a writ of prohibition, which, on hearing, was denied, and this appeal followed.

The respondent has not appeared in this court and no brief has been filed in his behalf. There is no showing in the record that the sentence originally imposed on the relator was illegal.

■ We think the law is clear that the municipal court lost jurisdiction when the relator fulfilled the sentence imposed and thereafter it was devoid of power to impose a greater sentence. In the leading case of *Ex parte Lange*, 85 U. S. 163-205, 21 L. Ed. 872, it was held that, when a court has imposed fine and imprisonment (where the statute has only conferred power to punish by fine or imprisonment) and the fine has been paid, it cannot, even during the same term, modify the judgment by imposing imprisonment instead of the former sentence. Upon this subject the supreme court said:

"If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense."

This doctrine was recognized by this court in *In re Cavitt*, 170 Wash. 84, 15 P. (2d) 276; and *State ex rel. Plumb v.*

*Superior Court*, 24 Wn. (2d) 510, 166 P. (2d) 188. This rule is stated in 15 Am. Jur. 130, § 474, which lists as authorities the cases of *Rupert v. State*, 9 Okla. Crim. 226, 131 Pac. 713; and *State v. Addy*, 43 N. J. L. 113, 39 Am. Rep. 547. In the latter case, the court cited *State v. Gray*, 37 N. J. L. (8 Vroom) 368, in which Justice Van Syckel, speaking of an erroneous criminal sentence, said:

"  .  .  .  'the court which rendered the judgment cannot vacate it or render a new judgment after the term at which it was pronounced is ended or the judgment is executed and the punishment partly borne.' "

The court continued:

"  .  .  .  The citizen cannot be so put twice in jeopardy. By submitting to the demands of the court he pays the penalty of his offence once for all, and the power of the state to punish him therefor is exhausted."

In a *per curiam* decision, this court held in *In re McNutt v. Delmore*, 47 Wn. (2d) 563, 288 P. (2d) 848 (cert. den. 350 U. S. 1002, 100 L. Ed. 866, 76 S. Ct. 550) that a superior court has power, on its own motion, to correct an erroneous sentence "when the error is discovered." In that case, the court had imposed a maximum sentence of "not less than ten years." The applicable statute required a sentence of not less than twenty years. The original sentence did not set a true maximum; under it, the defendant could have been confined for life. It is open to argument whether the correcting of such a sentence amounted to the imposition of a more onerous sentence than that originally imposed.

We have been able to find no other Washington case which has approved the action of a trial court in ordering a defendant returned for the imposition of an increased sentence. *In re Lucas*, 26 Wn. (2d) 289, 173 P. (2d) 774, specifically held that the superior court has no such power. *In re McNutt, supra,* stated that the *Lucas* case had been overruled *sub silentio.* The only authorities cited in the *McNutt* case, as establishing the existence of such a power, were *In re Bass v. Smith*, 26 Wn. (2d) 872, 176 P. (2d) 355, and *In re Dill v. Cranor*, 39 Wn. (2d) 444, 235 P. (2d) 1006. In the first of these cases, the defendant petitioned for *habeas*

*corpus,* contending that the judgment under which he was confined was void because it imposed a penalty other than that provided by law. The court held that the judgment was merely erroneous and not void, and that *habeas corpus* would not lie. However, this court, on its own motion, and without discussion, ordered that the petitioner be returned to the superior court for resentencing.

*In re Dill v. Cranor, supra,* simply held that, where the petitioner contended that his sentence was void and the court found that it was merely erroneous in that it failed to designate the degree of his crime, he should be returned to the superior court for resentencing. It does not appear from the opinion, however, that an increased sentence was to be imposed upon him.

The *McNutt* case was cited in *State v. Williams,* 51 Wn. (2d) 182, 316 P. (2d) 913, as authority for the proposition that, when a sentence has been imposed for which there is no statutory authority, the trial court has the power and duty to correct the erroneous sentence when the error is discovered. In that case, the error of the trial court was in imposing a sentence greater than that provided by statute.

In none of these cases was the constitutional question presented to the court in this case discussed. We need not decide at this time whether the rule laid down in the *McNutt* case, and cited with approval in the *Williams* case, is as broad as its language might import and would permit the correcting of an erroneous sentence on the court's own motion, after a defendant had begun to serve his sentence, even though this action would result in an increased penalty. Here we have no showing in the record that the original sentence was erroneous. Furthermore, this case is distinguishable from all of those we have discussed, in that the court had the relator arrested and proposed to increase his sentence after he had fulfilled the sentence of the court and had been discharged.

The judgment is reversed and the cause remanded with directions to issue the writ as prayed.

WEAVER, C. J., HILL, FINLEY, and FOSTER JJ., concur.