[No. 9997–3–I.   Division One.   June 1, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
S. HALL, *Appellant.*

*Donald J. Bisagna,* for appellant (appointed counsel for appeal).

*C. Thomas Moser, Prosecuting Attorney,* and *Richard A. Weyrich, Deputy,* for respondent.

CORBETT, J.—Defendant appeals the order vacating his original judgment and sentence, and his new sentence for the offense of indecent liberties. We affirm.

On July 25, 1980, defendant pleaded guilty to the crime of indecent liberties, RCW 9A.44.100(1)(a). As a result of a plea bargain made without verification of defendant's prior

criminal record, the prosecutor recommended that defendant serve 6 months in the county jail, remain on probation for 5 years, receive counseling, and pay for medical and psychiatric treatment of the victim, AID fees, and court costs. At the time the defendant pleaded guilty, he gave his name to the court as "Steven Lee Earlman" in his written plea statement and in the following exchange:

THE COURT: There seems to be some confusion in the prosecutor's mind as to what your true name and true last name is.

THE WITNESS: Steven Lee Earlman.

THE COURT: Earlman is your last name. Have you ever used the name Thompson?

THE WITNESS: No, that was just a given name when I got arrested.

THE COURT: You just told them you were Thompson; is that right?

THE WITNESS: Yes.

The plea was accepted and the sentence was probation, subject to 6 months in the county jail, counseling and restitution.

It was later discovered that the defendant's true name was Robert Hall, and that he had a prior criminal record. As a consequence of this discovery, the prosecutor filed a petition to revoke or modify probation and a motion to vacate judgment. After a hearing, the court found sufficient basis to vacate the original judgment or, alternatively, to revoke probation. Defendant did not move to withdraw his plea or to specifically enforce the plea bargain. After another hearing, at which the prosecutor recommended prison, defendant was sentenced to the Department of Institutions for a maximum term of 10 years.

The defendant contends that the prosecutor breached the plea bargain agreement and that he should be permitted to withdraw his plea or have the bargain specifically enforced. When a prosecutor breaches a plea agreement, a defendant is entitled to withdraw any entered plea or to have the agreement specifically enforced. *Santobello v. New York,* 404 U.S. 257, 263, 30 L. Ed. 2d 427, 92 S. Ct. 495

(1971); *In re James*, 96 Wn.2d 847, 849–50, 640 P.2d 18 (1982); *In re Palodichuk*, 22 Wn. App. 107, 109, 589 P.2d 269 (1978). *See State v. Tourtellotte*, 88 Wn.2d 579, 564 P.2d 799 (1977); *State v. Giebler*, 22 Wn. App. 640, 591 P.2d 465 (1979). The State is expected to keep its bargains *unless* the defendant has failed to keep his or hers. *In re James, supra* at 850. If there is a question as to the defendant's compliance with the agreement, then the defendant is entitled to an evidentiary hearing at which the State must prove, by a preponderance of the evidence, that the defendant has failed to perform his or her part of the agreement. *James, supra.*

██ Because of the importance of knowing a defendant's true name in determining his or her criminal history, the defendant's giving of a false name to induce a plea bargain was fraud, justifying rescission of the plea agreement by the prosecutor and vacation of the original sentence by the court. The defendant presented evidence at the second sentencing hearing, but he did not contest that he had given a false name or that his previous behavior constituted fraud. Nor did the defendant object to the continued use of his guilty plea after his true name was learned. Under these limited circumstances, the trial court was not required to ask him if he wished to withdraw his plea or have the prior agreement specifically enforced, and we will not grant such relief on appeal.

██ Defendant also contends that the court in fact modified the sentence pursuant to RCW 9.95.230,[1] and could not properly do so past the period of probation. The original judgment and sentence stated:

### III. ORDER

It Is ORDERED that:

3.1 Imposition of sentence is deferred for a period of three (3) years.

---

[1] RCW 9.95.230 reads, in pertinent part:

"The court shall have authority at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; . . ."

3.2 The court retains jurisdiction over this matter and has the right to revoke probation or modify the conditions of probation.

3.3 The period of probation is granted subject to the conditions of probation as follows:

The period of jail time was stated as a condition of probation and no specific limitation of probation for a term of less than 3 years was set out. We conclude that the trial court retained jurisdiction to supervise the probation for the term of the deferred sentence. It could, therefore, revoke that probation and impose sentence. In addition, the trial court did not abuse its discretion by granting the motion to vacate the original sentence. Motions to vacate a judgment are addressed to the sound discretion of the trial court whose judgment will not be disturbed absent a showing of a clear or manifest abuse. *State v. Scott*, 92 Wn.2d 209, 212, 595 P.2d 549 (1979). CR 60(b),[2] which permits vacation of the judgment for fraud, is applicable to criminal cases. CR 60(b), *supra*. The new sentence was grounded alternatively upon CR 60(b) and RCW 9.95.230. The court's decision is supported under either theory.

Affirmed.

JAMES and RINGOLD, JJ., concur.

Reconsideration denied June 22, 1982.

Review denied by Supreme Court October 8, 1982.

---

[2]CR 60(b) reads, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

" . . .

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;"