[No. 13399-1-III. Division Three. July 18, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. HERBERT D. HARDESTY, *Appellant*.

---

594

*Law Office of Scot D. Stuart* by *Alan J. Tindell*, for appellant.

*Michael E. McNeff, Prosecuting Attorney*, for respondent.

SCHULTHEIS, J. — Herbert D. Hardesty pleaded guilty to burglary in the second degree. He was sentenced to 14 months' confinement. One year after his release, the trial court resentenced him to 22 months' confinement with credit for time served. Mr. Hardesty contends double jeopardy principles precluded granting the State's motion to modify the sentence. He also urges the court erred in finding he committed fraud by misrepresenting his criminal history at the original sentencing hearing. We detect no error in the trial court's findings, but agree with the first contention and reverse.

Mr. Hardesty entered a plea on September 27, 1991. According to the information available to the State at the

time, his criminal history consisted of two prior burglary convictions in January 1977 and February 1988. Mr. Hardesty represented this to be the extent of his criminal history. He signed a standard statement on plea of guilty which recites in part:

6. IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:

(a) Each of the crimes with which I am charged carries the maximum years imprisonment and fines set forth above. The standard sentence range of confinement for each crime is based on the Prosecuting Attorney's understanding of my criminal history.

(b) The standard sentence range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere . . . .

(c) The Prosecuting Attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the Prosecuting Attorney's statement is correct and complete . . . .

(d) If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard range and the Prosecuting Attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the Prosecuting Attorney's recommendation may increase.

On May 22, 1992, Mr. Hardesty was released after serving 9 months and 19 days. He was not under community supervision and had fully discharged the incarceration phase of his sentence, although he was still obligated to pay costs arising out of the prosecution.

On April 27, 1993, Mr. Hardesty was convicted of second-degree child molestation for which he was sentenced to 47 months' confinement. While investigating the charge, the State discovered Mr. Hardesty had two previously unreported convictions in Nevada: attempt to possess marijuana in April 1986, and possession of stolen property in August 1988. On May 21, 1993, the State filed

a motion for resentencing on the 1991 burglary conviction. A hearing was conducted on June 30, 1993. Mr. Hardesty stated he did not have sufficient time to review the plea agreement because the process was "rushed". He admitted to having four prior convictions, but thought the possession of marijuana charge was a misdemeanor, not a felony. Furthermore, there was an error in the original statement prepared by the State which cataloged Mr. Hardesty's criminal history. It reported the second burglary as having been committed in December 1982 and the date of sentencing as February 1988. The crime actually occurred in September 1981 and the sentence imposed in November 1981. Mr. Hardesty thought the sentencing date of February 1988 was for the unreported Nevada conviction for possession of stolen property. The trial court acknowledged it would give him the "benefit of the doubt" on this last feature, yet the court resentenced Mr. Hardesty to 22 months' confinement with credit for time served. The term was imposed to run consecutive to the 47-month molestation sentence. The "benefit of the doubt" notwithstanding, the court's written findings conclude that Mr. Hardesty committed fraud on the court.

Mr. Hardesty contends the original judgment and sentence was final and unappealed; therefore, the resentence violates the double jeopardy clause because it constitutes multiple punishment for the same offense. Ordinarily, once judgment in a criminal matter has been entered, the court has no power to modify it. *State v. Sampson*, 82 Wn.2d 663, 666, 513 P.2d 60 (1973). Under certain circumstances, the severity of a sentence may be increased, even after the defendant has begun serving it. *State v. Smissaert*, 103 Wn.2d 636, 639, 694 P.2d 654 (1985); *see also State v. Pringle*, 83 Wn.2d 188, 193, 517 P.2d 192 (1973). At least one Washington case has allowed a sentence to be appealed by the State after it was fully served. *State v. Pascal*, 108 Wn.2d 125, 131, 736 P.2d 1065 (1987). Such authority, however, turns on the validity of the original sentence. *Pascal*, 108 Wn.2d at 134-35; *Smis-*

*saert,* 103 Wn.2d at 639; *Pringle,* 83 Wn.2d at 193-94. The term "valid" means "[h]aving legal strength or force[.]" *Black's Law Dictionary* 1550 (6th ed. 1990). An invalid sentence is one which is legally erroneous. *Pascal,* 108 Wn.2d at 133-34; *Smissaert,* 103 Wn.2d at 639-40. *Pringle,* 83 Wn.2d at 194, renders this clear:

> The defendant further contends that remanding this case to the trial court for resentencing after he has already commenced serving his term of imprisonment would result in an increase in his sentence constituting double jeopardy. We find this contention to be without merit. We are not remanding this case to the trial court for the purpose of increasing a *valid* sentence, but rather we are sending the defendant back for the correction of an *erroneous* and invalid sentence.

■ A valid sentence may not ordinarily be revisited, particularly when it has already been fully served. *State ex rel. Sharf v. Municipal Court,* 56 Wn.2d 589, 590, 354 P.2d 692 (1960). A sentence which might have been either shorter or longer had more accurate information been available to the sentencing court is not necessarily invalid. Validity is tested in a structured manner:

> The claim that the power to set a sentence carries with it the power later to modify that sentence ignores the importance of finality in rendering judgments. Final judgments in both criminal and civil cases may be vacated or altered only in those limited circumstances where the interests of justice most urgently require.

*State v. Shove,* 113 Wn.2d 83, 88, 776 P.2d 132 (1989).

■ CrR 7.8(b)(3) permits a party to be relieved from a final judgment in a criminal case upon a showing of misrepresentation or misconduct. In *State v. Hall,* 32 Wn. App. 108, 645 P.2d 1143, *review denied,* 97 Wn.2d 1037 (1982), the defendant gave the State and the court an alias to shield his extensive criminal history and was given a deferred sentence which contemplated a three-year probationary period. The State later discovered the fraud and moved to vacate. The trial court granted the motion and on resentencing imposed 10 years. *Hall* held that

fraud on the court of this nature constitutes grounds for vacation of the original judgment and affirmed. *Hall*, 32 Wn. App. at 110-11; *see also Mayes v. Galley*, 858 F. Supp. 490, 495 n.11 (D. Md. 1994) (collecting authorities). *Hall* is distinguishable, however, in that the fraud was discovered and the motion to vacate made while the defendant was on probation and thus still under the jurisdiction of the court. *Hall*, 32 Wn. App. at 111. Mr. Hardesty, on the other hand, was fully discharged, save for paying the court costs assessed.

 We do not condone Mr. Hardesty's conduct. Plea agreements serve the interests of the State, the accused, the judicial system and society at large. *State v. Tourtellotte*, 88 Wn.2d 579, 582-83, 564 P.2d 799 (1977). The State is held to its bargain. *In re James*, 96 Wn.2d 847, 849-51, 640 P.2d 18 (1982). Defendants should be too. *James*, 96 Wn.2d at 850. When an accused provides false information to obtain favorable treatment, he skews the entire system and cheats society out of its right to obtain a just sentence in conformity with the requisites of the Sentencing Reform Act of 1981. It would seem a dangerous precedent, however, to allow a facially valid judgment to be vacated after an accused has fully served a facially valid sentence. This conclusion is more than a matter of policy; it is compelled by double jeopardy principles.

> We need not decide at what point, in the service of a defendant's legal sentence, a reasonable expectation of finality arises. We are certain, however, that the expectation has arisen, and jeopardy has attached, upon its completion. This conclusion is supported by the fact that we find no cases holding that finality is not accorded to a fully served legal sentence. Accordingly, we reaffirm the rule that increasing a legal sentence after it has been fully served violates the Double Jeopardy Clause.

*United States v. Arrellano-Rios*, 799 F.2d 520, 524-25 (9th Cir. 1986) (citation and footnotes omitted); *accord United States v. Daddino*, 5 F.3d 262, 265 (7th Cir. 1993); *State v. Gaddy*, 110 N.M. 120, 792 P.2d 1163, 1165-66 (Ct. App. 1990).

*Pascal*, which allowed appeal of a completed sentence, is not to the contrary for two reasons. First, appeal by the

State of an exceptional downward sentence is provided for by statute. *Pascal*, 108 Wn.2d at 130-31. This feature negates a defendant's expectation of finality. *United States v. DiFrancesco*, 449 U.S. 117, 66 L. Ed. 2d 328, 101 S. Ct. 426 (1980). Second, *Pascal* turned on the presumed invalidity of the sentence. *Pascal*, 108 Wn.2d at 133-34. Mr. Hardesty's original sentence, although fraudulent, was legal. The State is not powerless to deter and punish such fraud in future cases. RCW 9A.72.

Reversed.

THOMPSON, C.J., and MUNSON, J., concur.

Review granted at 128 Wn.2d 1002 (1995).