# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54323-1-II |
| Respondent, | |
| v. | |
| CODY ALLEN RUSSELL, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Cody A. Russell appeals his conviction for fourth degree assault. Russell argues that the State presented insufficient evidence that the assault took place in Vancouver, Washington. The State concedes the error. We accept the State's concession, reverse Russell's conviction for fourth degree assault, and remand for the trial court to dismiss with prejudice.

## FACTS

The State charged Russell with second degree assault and fourth degree assault for an incident occurring on March 8, 2019. Russell pleaded not guilty and the case proceeded to trial. At trial, witness testimony showed that the alleged assault took place at the land adjacent to Russell's residence, located on 72nd Avenue, north of Padden Parkway.

After evidence closed, the trial court provided instruction no. 8 to the jury. In relevant part, the instruction required the jury to find that the crime occurred "in the State of Washington, City of Vancouver, County of Clark." Clerk's Papers (CP) at 64. No objections were made to the addition of "Vancouver, Washington," in the jury instructions.

The jury found Russell not guilty of second degree assault, but found him guilty of fourth degree assault. The trial court convicted Russell and imposed a standard range sentence of 30 days in confinement.

Russell appeals.

ANALYSIS

Russell argues that the State presented insufficient evidence that the assault took place in Vancouver, Washington, to support his conviction for fourth degree assault. The State concedes the error. We accept the State's concession.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. W.R., Jr.*, 181 Wn.2d 757, 762, 336 P.3d 1134 (2014). Evidence is sufficient if, when viewed in the light most favorable to the State, it permits a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Tilton*, 149 Wn.2d 775, 786, 72 P.3d 735 (2003). Courts must draw all reasonable inferences from the evidence in favor of the State and interpret the evidence most strongly against the defendant. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The "'law of the case' doctrine . . . requires the State to prove every element in the to-convict instruction beyond a reasonable doubt." *State v. Johnson*, 188 Wn.2d 742, 762, 399 P.3d 507 (2017). "[J]ury instructions not objected to become the law of the case." *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998). The State "'assumes the burden of proving otherwise unnecessary elements of the offense when such added elements are included without objection in the to convict instruction.'" *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795, 800 (2019) (internal quotation marks omitted) (quoting *Hickman*, 135 Wn.2d at 102). Accordingly, if the "to

convict" jury instruction lists venue as an element of a crime, the State must prove venue beyond a reasonable doubt. *Hickman*, 135 Wn.2d at 101-06.

Where the sufficiency of the evidence is challenged in a "law of the case" conviction, the reviewing court must consider the sufficiency in light of the instructions. *Hickman*, 135 Wn.2d at 102–03. If the reviewing court finds insufficient evidence to prove the added element, reversal is required. *See id* at 103, 105-06. Retrial following reversal for insufficient evidence is "unequivocally prohibited." *State v. Hardesty,* 129 Wn.2d 303, 309, 915 P.2d 1080 (1996).

In this case, the "to convict" instruction for Russell's fourth degree assault charge included a provision stating that the "act occurred in the State of Washington, City of Vancouver, County of Clark." CP at 64. No objections were made to the addition of Vancouver in jury instruction no. 8. Therefore, the State had to prove that Russell committed the alleged assault within Vancouver city limits because the added venue provision became the "law of the case." *Hickman*, 135 Wn.2d at 102. All of the evidence unequivocally showed that the alleged assault took place at the land adjacent to Russell's residence, located on 72nd Avenue, north of Padden Parkway. Because there was no evidence that the land adjacent to Russell's residence was within Vancouver city limits, no rational juror could conclude that the assault took place within Vancouver city limits beyond a reasonable doubt. *Tilton*, 149 Wn.2d at 786. Accordingly, we accept the State's concession, reverse Russell's conviction, and remand for the trial court to dismiss with prejudice.

No. 54323-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, C.J.

Lee, C.J.

We concur:

Worswick, J.

Sutton, J.