[No. 14448-8-III.    Division Three.    October 9, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. ADRIAN
GOMEZ-FLORENCIO, *Appellant*.

*Antonio Salazar* of *Salazar Law Offices*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Frank W. Jenny II, Deputy*, for respondent.

THOMPSON, J.* — Adrian Gomez-Florencio appeals his resentencing after the State discovered two prior convictions that had not been counted in determining his presumptive sentence. He contends the trial court had no authority to change its original sentence. We hold the new sentence was factually unjustified and therefore reverse.

Mr. Gomez-Florencio was convicted on May 18, 1994, in the Franklin County Superior Court of one count each of unlawful delivery of a controlled substance — cocaine, and unlawful possession of a controlled substance — cocaine. The court sentenced him on June 14, 1994, to concurrent standard-range sentences of 34 months and 6 months. The sentences were based upon the belief by both counsel and the court that Mr. Gomez-Florencio had no prior criminal history.

The Department of Corrections notified the prosecutor in July that Mr. Gomez-Florencio had two prior convictions in Okanogan County: one for a 1989 delivery of cocaine under the name Adrian Gomez-Flores a/k/a Antonio Munos a/k/a T.A., and the other for a 1991 possession of cocaine under the name Adrian M. Gomez a/k/a Adrian Gomez a/k/a Antonio G. Munoz a/k/a Adrian Flores. The State filed a motion and affidavit requesting that Mr. Gomez-Florencio be resentenced.

During a hearing on October 11, 1994, the prosecutor argued that resentencing was warranted on the ground it was difficult to discover prior criminal history because the defendant had used a variety of names in the past and it would be unfair to reward someone who had not been truthful to the court. Mr. Gomez-Florencio argued the court had no authority to resentence him for factual, as opposed to legal, errors. The court permitted resentencing on the following basis:

---

*Judge Philip J. Thompson was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

The SRA relies so heavily upon an accurate presentation of prior convictions that this Court feels that even without the multiple names that I would be in a position within this period of time to resentence. And it has been — that is my position regardless of the multiple names. I think I would have the inherent right and the duty to resentence in order that the Court would be properly advised in arriving at a sentence under the SRA.

And, of course, the multiple names are as we've discussed and accordingly I will permit resentencing.

At the resentencing hearing, the court admitted as State exhibits the judgments and sentences from the two prior Okanogan County convictions. The State then presented the testimony of a fingerprint expert, Detective James E. Hathaway. He compared the inked prints on the 1990 Okanogan County judgment and sentence, a print card from the Okanogan County jail that corresponds with the 1988 judgment and sentence, and a current certified copy of Mr. Gomez-Florencio's prints. Based upon the comparisons, there was no doubt in Detective Hathaway's mind that all of the prints belonged to the same person. Mr. Gomez-Florencio did not submit any evidence or testimony. The court held in favor of the State, but did not otherwise make any oral or written findings of fact regarding the motion.

Based on the newly calculated presumptive sentence ranges, the court imposed concurrent sentences of 89 months and 12 months, with credit for time served. Mr. Gomez-Florencio appealed the amended sentence.

■■ The sole issue presented here is whether the court erred in resentencing Mr. Gomez-Florencio after prior criminal convictions were discovered. Although the trial court insisted it had "inherent authority" to revise the sentence, a sentencing court has no such authority beyond that provided by law. *State v. Sampson*, 82 Wn.2d 663, 665-67, 513 P.2d 60 (1973). The revision, if proper, must have been authorized by CrR 7.8(b), which provides:

On motion and upon such terms as are just, the court may

relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party,

(4) The judgment is void; or

(5) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

The standard of review on a CrR 7.8(b) motion is abuse of discretion. *See State v. Hardesty*, 129 Wn.2d 303, 317, 915 P.2d 1080 (1996); *State v. Ellis*, 76 Wn. App. 391, 884 P.2d 1360 (1994).

A court has jurisdiction under CrR 7.8 to correct an erroneous sentence. *Hardesty*, 129 Wn.2d at 315-16; *see State v. Smissaert*, 103 Wn.2d 636, 694 P.2d 654 (1985) (resentencing with credit for time served is proper way to correct invalid sentence). The precise question raised in this case is whether there was evidence before the court that would justify revising the sentence under CrR 7.8. Mr. Gomez-Florencio contends the State's neglect in failing to discover the prior convictions was inexcusable. The State contends in part that any neglect was excusable because of the confusion over the multiple names.

■■ The parties have not cited any authorities that discuss what constitutes "excusable neglect" under CrR 7.8(b)(1). However, the criminal rule was adapted from CR

60(b), which contains identical language. *See State v. Duncan*, 111 Wn.2d 859, 864, 765 P.2d 1300 (1989). The phrase is also used in other contexts, and interpretations of those rules also are useful here. *See City of Goldendale v. Graves*, 88 Wn.2d 417, 423, 562 P.2d 1272 (1977). First, the determination must rely on the particular facts of the case. *Id.* Second, the incompetence or neglect of a party's own attorney generally is not "excusable neglect." *Lane v. Brown & Haley*, 81 Wn. App. 102, 107, 912 P.2d 1040, *review denied*, 129 Wn.2d 1028 (1996).

██ The parties' arguments here focus on whether the prosecutor's failure to learn of Mr. Gomez-Florencio's prior convictions was "excusable neglect." However, there is no factual basis from which the sentencing court could have made such a determination. The evidentiary record before the court was limited to proof that the two previously undiscovered convictions actually were Mr. Gomez-Florencio's. Because there was no evidence explaining why the convictions were not discovered at the time of the original sentencing, there was no basis for finding the error was the result of "excusable neglect." To the extent the court's action was based on CrR 7.8(b)(1), it was factually unjustified and therefore an abuse of discretion.

██ Alternatively, the State contends the revision was justified under CrR 7.8(b)(5). However, relief under this subsection is limited to "extraordinary circumstances not covered by any other section of the rule." *State v. Keller*, 32 Wn. App. 135, 140, 647 P.2d 35 (1992). *See State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992). The provision does not apply when the circumstances allegedly justifying the relief existed at the time the judgment was entered. *State v. Cortez*, 73 Wn. App. 838, 871 P.2d 660 (1994). The two prior convictions were in existence at the time of the original sentence, and CrR 7.8(b)(5) is inapplicable on that ground alone.

██ Moreover, the error in failing to discover the prior convictions here was caused either by the prosecutor's

excusable neglect[1] or (as the State appears to argue) by Mr. Gomez-Florencio's fraud. Both of these reasons are accommodated by other sections of CrR 7.8(b). As we have explained, there is insufficient basis for finding the prosecutor's neglect was excusable. And the State certainly has failed to present evidence demonstrating fraud. *See Hardesty*, 129 Wn.2d at 316-19; *State v. Hall*, 32 Wn. App. 108, 645 P.2d 1143, *review denied*, 97 Wn.2d 1037 (1982). The State's reasons for requesting relief are covered by other sections of CrR 7.8(b); its failure to establish a factual basis for those reasons is not a justification for applying the "catchall" provision of CrR 7.8(b)(5).

There was no factual basis for resentencing Mr. Gomez-Florencio under CrR 7.8(b), and the trial court therefore abused its discretion. The new sentence is reversed and the case is remanded for resentencing.

SWEENEY, C.J., concurs.


BROWN, J. (dissenting) — RCW 9.94A.120(1) requires a trial judge to sentence within a presumptive standard range. There are few exceptions. *State v. Estrella*, 115 Wn.2d 350, 798 P.2d 289 (1990). A trial court acts without statutory authority when imposing a sentence based upon a miscalculated offender score. *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994). The trial court not only has the power but the duty to correct an erroneous sentence when discovered. *State v. Allyn*, 63 Wn. App. 592, 596, 821 P.2d 528 (1991), *review denied*, 118 Wn.2d 1029 (1992). The duty should be no less when the offender score is determined incorrectly to be too high or too low. *State v. Smissaert*, 103 Wn.2d 636, 641, 694 P.2d 654 (1985).

This is not a case where a defendant has entered into a

---

[1]The State does not contend the resentencing was justified because of the prosecutor's "mistake" under CrR 7.8(b)(1). A mistake of fact does not appear to be a ground for relief under this provision. *See Handley v. Mortland*, 54 Wn.2d 489, 493, 342 P.2d 612 (1959); *see also State v. Scott*, 20 Wn. App. 382, 386 n.1, 580 P.2d 1099 (1978), *aff'd*, 92 Wn.2d 209, 595 P.2d 549 (1979).

plea agreement based upon misinformation and reliance on a mistakenly computed standard range. *See State v. Hardesty*, 129 Wn.2d 303, 915 P.2d 1080 (1996). Rather it is a case where, after trial, an incorrect sentence was entered based upon a miscalculated offender score due to the defendant's use of multiple names which made it difficult to determine an accurate criminal history. I do not believe CrR 7.8 applies under these circumstances to avoid the trial court's statutory duty to correctly sentence. I believe the trial court was justified in granting the motion to vacate the original sentence for the purpose of resentencing. This is a case where the trial court entered an erroneous and invalid sentence in the first place, which needs to be corrected. *State v. Pringle*, 83 Wn.2d 188, 193, 517 P.2d 192 (1973). The remedy is to remand and resentence with credit for the time the respondent has served. *Smissaert*, 103 Wn.2d at 641-42. This will put him in the same position he would have been in had the correct information been known to the trial court at the time of sentencing. This will not prejudice the defendant who was only four months into his sentence when the problem was presented to the trial court for correction.

I respectfully dissent.

Review denied at 134 Wn.2d 1026 (1998).