FILED
OCTOBER 1, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32353-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NICOLAS ALMIRON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Nicolas Almiron filed a CrR 7.8 motion to withdraw his guilty plea in a conviction that occurred less than one year prior to filing the motion. The trial court reviewed the evidence and denied the motion, concluding that Mr. Almiron understood the deportation consequences of his conviction prior to the entry of his guilty plea. Mr. Almiron appeals. He contends that the trial court failed to follow the procedural requirements of CrR 7.8 by not explicitly finding that the motion was timely and by not explicitly finding that a factual hearing was required. We hold that CrR 7.8 does not require such explicit findings and affirm the trial court.

## FACTS

In August 2012, Mr. Almiron was charged with theft in the first degree, possession of a stolen firearm, possession of stolen property in the first degree, trafficking in stolen property in the first degree, and possession of marijuana with intent to deliver. On December 3, 2012, Mr. Almiron pleaded guilty to reduced charges. The firearm charge was amended to possession of an unlawful firearm, and the trafficking charge was excluded. Mr. Almiron's guilty plea statement acknowledged that for a noncitizen, a guilty plea is grounds for deportation, exclusion from admission, or denial of naturalization.

At the guilty plea hearing, defense counsel explained to the trial court that Mr. Almiron consulted with two immigration attorneys in regard to his immigration status, and that defense counsel and Mr. Almiron went over "the possible result of guilty pleas on this case, that any form of guilty plea on this case could in fact and will likely result in exclusion from the United States." Report of Proceedings (RP) at 4. The court asked Mr. Almiron if he agreed that his attorney and the other attorneys discussed the guilty plea consequences in regard to exclusion from the United States, to which Mr. Almiron agreed. The court stated, "Okay. That's a decision—Whether or not you would be deported is a decision by another court at another place and another judge, but pleading

2

guilty to one or more of these different charges may well result in that. Do you understand that?" RP at 4. Mr. Almiron answered "yes." RP at 4. The trial court accepted Mr. Almiron's guilty plea and sentenced him to 300 days as recommended by the State. The standard sentencing range was 9 to 18 months.

Less than one year later, in October 2013, Mr. Almiron filed a CrR 7.8 motion to withdraw his guilty plea, alleging that his plea was not voluntary. He also alleged ineffective assistance of counsel, claiming counsel did not adequately inform him of the immigration consequences of his guilty plea. In his affidavit in support of his motion, Mr. Almiron claimed that his attorney said that she was not aware of how a conviction would affect his immigration status and that the conviction could result in deportation or not deportation. Mr. Almiron thought that his attorney did not adequately investigate the immigration consequences and should have contacted someone to get the answers about his ability to remain in the United States. Mr. Almiron was appointed new defense counsel to represent him in the CrR 7.8 motion.

A hearing on the CrR 7.8 motion was scheduled on December 2, 2013, but on the morning of the hearing, the State informed the court that defense counsel could not attend due to weather related travel conditions. The State relayed defense counsel's request to file additional briefing. The State agreed with the request and further asked the court to

3

take the matter under advisement and issue a written opinion rather than entertain oral arguments. The court agreed that the transcript from the plea hearing and the parties' briefing adequately addressed all the issues needed for a resolution. The State also asked the court to allow Mr. Almiron's former counsel to prepare a statement responding to Mr. Almiron's allegations. The court allowed the statement to address the factual assertions contained in Mr. Almiron's affidavit.

The trial court denied Mr. Almiron's CrR 7.8 motion. In reaching its decision, the court reviewed the record, including the transcript from the plea and sentencing hearings, counsel's memorandums, and accompanying declarations. The court found that Mr. Almiron consulted with an immigration attorney regarding the consequences of the guilty plea, Mr. Almiron was properly advised by counsel of the direct consequences of the guilty plea, and prior to the entry of the guilty pleas, Mr. Almiron understood the deportation consequences of his conviction. The court concluded that former counsel was not ineffective and that Mr. Almiron's guilty pleas were knowingly, intelligently, and voluntarily made. The court did not make an explicit finding that the motion was timely or that a factual hearing was necessary before issuing a decision on the merits.

Mr. Almiron appeals the denial of the CrR 7.8 motion. He challenges the trial court's authority to decide the CrR 7.8 motion, contending that the rule requires the court to make a finding that the motion is timely and that a factual hearing is required before ruling on its merits.

## ANALYSIS

1.     *Whether the trial court complied with CrR 7.8(c)(2) and (3) when ruling on the merits of Mr. Almiron's motion*

"We review construction of a court rule de novo because it is a question of law." *State v. Robinson*, 153 Wn.2d 689, 693, 107 P.3d 90 (2005). We review a trial court's ruling on a CrR 7.8 motion for an abuse of discretion. *State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d 228 (1997).

Mr. Almiron contends that the trial court erred by not complying with CrR 7.8(c)(2) and (3). He suggests that CrR 7.8(c)(2) requires a trial court to make a specific finding that the motion is timely and fits within CrR 7.8(c)(2)(i) or (ii) before issuing a substantive decision on the motion.

CrR 7.8(c)(2) states:

> *Transfer to the Court of Appeals.* The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Stated differently, under CrR 7.8(c), the superior court may not rule on the merits of the motion unless the motion is timely under RCW 10.73.090 "and either (a) the defendant makes a substantial showing that he is entitled to relief or (b) the motion cannot be resolved without a factual hearing." *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008).

RCW 10.73.090(1), in part, states that no petition or motion for collateral attack on a valid judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final. A collateral attack includes a motion to vacate judgment. RCW 10.73.090(2).

"If the [trial] court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief requested should not be granted." CrR 7.8(c)(3).

Mr. Almiron's argument has no merit. CrR 7.8(c) does not require written findings that the motion is timely or that a factual hearing is required before deciding the

merits of the motion. Rather, the rule merely requires that the trial court make such a determination. We, therefore, reject Mr. Almiron's argument.

The trial court had the authority to hear Mr. Almiron's CrR 7.8 motion and did not abuse its discretion by denying the motion. Mr. Almiron's motion to vacate judgment was filed within one year of his final judgment. The trial court determined that a factual hearing was necessary to address the merits of the motion.[1] The mere fact that defense counsel could not attend the hearing and later acquiesced on behalf of his client to allow the court to make its decision on briefs and a review of the record does not revoke that trial court's authority to decide the motion.

We hold that the trial court complied with CrR 7.8(c)(2) and (3) when ruling on the merits of Mr. Almiron's motion without first entering explicit findings that the motion was timely or that a factual hearing was required.

2.     *Whether this court should address the commissioner's sua sponte argument raised in the motion on the merits regarding ineffective assistance of counsel and advisement of deportation consequences*

The State challenges our commissioner's decision to raise sua sponte the issue of whether Mr. Almiron was properly advised of the deportation consequences of his guilty

---

[1] Again, while the record does not indicate that the trial court made an express finding that the motion could not be resolved without a factual hearing, the trial court clearly determined that a factual hearing was necessary when it conducted a motion

plea. This issue does not need to be addressed because it was not raised at trial or by Mr. Almiron on appeal.

After Mr. Almiron filed his appeal briefing and argued the issue discussed above, the State filed a motion on the merits with this court. The State argued that Mr. Almiron made no cognizable claim for relief on appeal because he did not argue the merits of the appeal and presented contradicting arguments for relief by saying that the CrR 7.8 motion should have been transferred as a personal restraint petition and then arguing against the transfer. The State maintained that the court should require Mr. Almiron to address the merits of his appeal by filing an amended appellant's brief or have the appeal summarily dismissed for failing to request any cognizable relief.

The commissioner of this court addressed Mr. Almiron's argument on appeal and concluded that the trial court had the authority to decide Mr. Almiron's CrR 7.8 motion to withdraw the guilty plea because the motion was timely and because a factual hearing was required. Nevertheless, the commissioner determined that Mr. Almiron's appeal was not appropriate for resolution on the motion on the merits docket because a question existed as to whether the superior court erred when it denied Mr. Almiron's motion to withdraw his guilty plea based upon ineffective assistance of counsel. Relying on the holding of

hearing and considered the evidence presented.

8

*State v. Martinez*, 161 Wn. App. 436, 447-48, 253 P.3d 445 (2011), the commissioner

found that the record indicated that Mr. Almiron was advised that deportation was a *likely*

result of his plea, but did not establish that Mr. Almiron was advised that deportation was

a *certain* result. The commissioner denied the State's motion on the merits.

We will not consider this issue that was raised sua sponte by the commissioner.

The likelihood versus certainty argument from *Martinez* was not raised by Mr. Almiron at

trial or on appeal. Correspondingly, the parties did not develop an argument on the issue

and the trial court did not consider the argument when making its factual determination

on Mr. Almiron's CrR 7.8 motion. This court would be creating an argument for Mr.

Almiron and stepping into the position of a trial court if we were to address this issue.

While Mr. Almiron did contend that counsel was ineffective, his argument did not

address the *Martinez* issue. Instead, Mr. Almiron first argued that he was not told of the

immigration consequences at all. Then, after acknowledging that he was told he would be

excluded from the United States, Mr. Almiron changed his argument and contended that

counsel should have advised him of what relief was available in the removal proceedings.

At no point did he argue that the advice given was not adequate because it only advised

him of the likelihood of deportation. Indeed, in his revised argument at trial, he seemed

to accept that the advisement of deportation consequences was sufficient.

No. 32353-6-III
*State v. Almiron*

Affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Siddoway, C.J.                   Fearing, J.