
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35271-4-III |
| | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| RUDY E. WILLIAMS, | ) | |
| | ) | |
| Petitioner. | ) | |

KORSMO, J. — Rudy E. Williams appeals the Asotin County Superior Court's denial of his motion to withdraw his signature from the court's findings of facts and conclusions of law entered following a bench trial. He also asks the Court to reverse the trial court's imposition of a criminal filing fee and DNA fee. In a statement of additional grounds for review (SAG), Mr. Williams reasserts that the court erred by denying his motion to amend. We find that the court did not err by denying Mr. Williams' motion. However, we find that imposition of the challenged fees was impermissible pursuant to recent statutory amendments, and remand to strike these costs.

FACTS

The State charged Rudy Williams with third degree assault, domestic violence—court order violation, and three counts of tampering with a witness. Mr. Williams waived his right to counsel and subsequently waived his right to jury trial, proceeding pro se to a bench trial. The trial court found Mr. Williams guilty of all charges, and entered findings of fact and conclusions of law to support its decision. Mr. Williams signed the findings and conclusions. As part of the judgment and sentence, the trial court imposed a criminal filing fee of $200 and a DNA fee of $100.

Nearly three months after entry of the findings and conclusions, Mr. Williams filed a motion to amend the order by removing his signature, claiming he did not understand the significance of signing the order where he was representing himself pro se. The trial court denied the motion, finding that Mr. Williams provided no legal authority to support his request. Mr. Williams timely appealed.

ANALYSIS

On appeal, Mr. Williams claims the trial court abused its discretion by refusing to remove his signature from the findings and conclusions. He contends for the first time that CR 11 requires the removal of his signature because he signed the order without the benefit of counsel, and his signature carries an unintentional and unknowing endorsement of the court's findings and conclusions contrary to CR 11. He argues that he should be allowed to remove his signature pursuant to the rule of lenity.

2

When a criminal case is tried without a jury, CrR 6.1(d) requires the court to enter

findings of fact and conclusions of law. The purpose of requiring findings and

conclusions is to ensure efficient and accurate appellate review of bench trials. *State v.*

*Cannon*, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996). Although Mr. Williams

characterized his pleading as a motion to amend the findings and conclusions, he did not

challenge any of the findings but instead sought only to withdraw his signature.

Accordingly, it appears he brought this motion pursuant to CrR 7.8, which permits

criminal defendants to seek corrections of clerical errors or relief from a court order based

mistake or inadvertence. This court reviews a trial court's decision on a CrR 7.8 motion

for an abuse of discretion. *State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d

228 (1997).

Mr. Williams contends the court abused its discretion because CR 11 requires

removal of his signature from the court order. As an initial matter, Mr. Williams did not

raise this argument below. We have discretionary authority to decline to consider this

argument unless Mr. Williams can establish a "manifest error affecting a constitutional

right" as contemplated by RAP 2.5(a)(3). Mr. Williams does not contend this issue

presents a manifest constitutional error, but in any event CR 11 does not apply to the

court's order or require removal of Mr. Williams' signature.

CR 11 provides in relevant part:

> The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the *pleading, motion, or legal memorandum*, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact . . . . If a *pleading, motion, or legal memorandum* is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction.

(Emphasis added.)

CR 11 is clear and unambiguous: the rule applies to all pleadings, motions, or legal memorandums filed by an attorney or party.[1] It does not apply to trial court orders. In the absence of any ambiguity, the rule of lenity does not apply. *State v. Evans*, 177 Wn.2d 186, 192-94, 298 P.3d 724 (2013). Moreover, CR 11 does not authorize withdrawal of a signature but instead provides for imposition of sanctions in the event a party's signature violates the rule.

Mr. Williams has also failed to demonstrate he is entitled to withdraw his signature because he lacked the benefit of counsel. Following a colloquy with the court, Mr. Williams elected to proceed pro se. During the hearing on Mr. Williams' motion to amend the findings and conclusions, Mr. Williams acknowledged that he knowingly requested to proceed pro se and refused the court's offer to have assigned counsel remain as stand-by counsel, but faulted the court for not assigning him new stand-by counsel of

---

[1] Neither party addresses whether CR 11, a civil rule, applies to a criminal proceeding. CrR 8.2 provides that all motions in a criminal case are governed by CR 7(b), which provides that "[a]ll motions shall be signed in accordance with rule 11." CR 7(b)(3).

his choice. However, a criminal defendant is not entitled to the attorney of his choice. *See, e.g.*, *State v. Aguirre*, 168 Wn.2d 350, 365, 229 P.3d 669 (2010). Moreover, there is no constitutional right to stand-by counsel. *State v. DeWeese*, 117 Wn.2d 369, 379, 816 P.2d 1 (1991). Where Mr. Williams does not challenge the validity of his waiver of counsel, his assertion that he is entitled to withdraw his signature based on his pro se status fails.

In any event, Mr. Williams did not waive any rights by signing the order. Mr. Williams has provided no authority to support his proposition that his signature served as an endorsement of the court's findings or otherwise prevents him from challenging those findings on appeal. Although there is no case law on point, it appears that the signature simply serves as Mr. Williams' acknowledgment as to what the court found based on the bench trial. Where Mr. Williams did not give up any rights by signing the order, he has failed to demonstrate the trial court abused its discretion by denying his motion to withdraw his signature.

Mr. Williams filed a supplemental brief challenging the trial court's imposition of a criminal filing fee and a DNA fee. At the time Mr. Williams was sentenced, these fees were mandatory. A legislative enactment effective June 7, 2018, amended RCW 43.43.7541 to provide that DNA fees are mandatory "unless the state has previously collected the offender's DNA as a result of a prior conviction." Similarly, RCW 36.18.020(2)(h) was amended to prohibit imposition of the $200 criminal filing fee on

5

indigent defendants. These amendments apply prospectively to cases pending on appeal.

*State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714, 721-23 (2018). That includes Mr.

Williams' case.

Mr. Williams contends the court improperly imposed the criminal filing fee

because he is indigent. The trial court found that Mr. Williams was indigent both for

purposes of the superior court proceeding as well as this appeal. We infer that he was

indigent at the time of sentencing, and therefore direct the trial court to strike the $200

criminal filing fee.

Mr. Williams also contends the court improperly imposed the DNA fee because he

was previously convicted of a felony and therefore the State previously collected his

DNA. Based on Mr. Williams' extensive criminal history, including 6 prior adult

convictions, we infer that Mr. Williams has previously provided a DNA sample pursuant

to his prior felony convictions. Per *Ramirez*, we therefore direct the trial court to strike

the $100 DNA fee.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A defendant is permitted to file a pro se SAG in a criminal case on direct appeal.

RAP 10.10(a). The SAG must have sufficient specificity to inform the court of the

"nature and occurrence" of specified errors. RAP 10.10(c).

In his SAG, Mr. Williams simply re-asserts the argument from his brief that he is

entitled to withdraw his signature where he was unaware of the legal consequences of

No. 35271-4-III
*State v. Williams*

signing the order (which he claims was tantamount to an admittance of guilt). For the reasons discussed above, we reject the claims raised in Mr. Williams' SAG.

## CONCLUSION

The sentence is remanded to strike the criminal filing fee and DNA fee. In all other respects, the sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, J.