**FILED**
**JULY 23, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39351-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SONSARAY ELLEN REAN WYNNE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Sonsaray Wynne appeals a trial court order denying her CrR 7.8(b) motion for relief from judgment. We affirm.

## FACTS

In 2015, Sonsaray Wynne was convicted of possession of a controlled substance. Her sentence included community custody. In 2015 and 2016, Ms. Wynne was convicted on three separate occasions of escape from community custody.

In July 2021, Ms. Wynne was convicted of several new felony offenses. At sentencing, the court did not include two prior controlled substance possession convictions[1] in her offender score pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). However, Ms. Wynne's three prior convictions for escape from community

---

[1] Ms. Wynne was convicted of a second possession of a controlled substance offense in 2019.

custody were included, resulting in a total offender score of nine. Ms. Wynne was then sentenced to a prison-based drug sentencing alternative.

In September 2022, Ms. Wynne filed a motion under CrR 7.8(b) for relief from judgment under *Blake*. She pointed out her escape convictions were predicated on the 2015 conviction for possession of a controlled substance. Given *Blake* invalidated that controlled substance conviction, Ms. Wynne claimed her escape convictions were also invalid. Without the escape convictions in her offender score, Ms. Wynne's offender score would be reduced from nine to five, resulting in a lower standard range of imprisonment. The trial court denied Ms. Wynne's CrR 7.8(b) motion and issued a written ruling explaining its reasoning.

Ms. Wynne now appeals the trial court's denial of her CrR 7.8(b) motion.

ANALYSIS

We review a CrR 7.8(b) motion for abuse of discretion. *State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d 228 (1997). "Discretion is abused if the trial court's decision is manifestly unreasonable or is based on untenable grounds." *State v. Martinez*, 121 Wn. App. 21, 30, 86 P.3d 1210 (2004).

Like she did in the trial court, Ms. Wynne argues she is entitled to relief from judgment under CrR 7.8(b) because her sentencing range was predicated on escape convictions that should have been rendered void by *Blake*. We disagree with this claim.

2

No. 39351-8-III
*State v. Wynne*

As explained below, *Blake* does not have any impact on the validity of Ms. Wynne's

escape convictions. The trial court therefore did not abuse its discretion in denying Ms.

Wynne's motion.

Ms. Wynne's escape convictions were under RCW 72.09.310, which provides as

follows:

> An inmate in community custody who willfully discontinues making
> himself or herself available to the department [of corrections] for
> supervision by making his or her whereabouts unknown or by failing to
> maintain contact with the department as directed by the community
> corrections officer shall be deemed an escapee and fugitive from justice,
> and upon conviction shall be guilty of a class C felony under chapter 9A.20
> RCW.

The validity of a conviction under RCW 72.09.310 does not turn on the

constitutionality of the crime giving rise to community custody. *See State v. Gonzales*,

103 Wn.2d 564, 567, 693 P.2d 119 (1985). As we recognized in *State v. Paniagua*,

an individual who is subject to the jurisdiction of the State based on a prior conviction

"must submit to confinement until discharged by due process of law." 22 Wn. App. 2d

350, 358, 511 P.3d 113 (2022). If an individual believes the prior conviction is invalid,

their "remedy is to seek a declaration of the unconstitutionality of the statute, not flee

from justice." *Id*. at 359.

Here, Ms. Wynne was convicted of escape because she violated court orders

requiring her to make herself available to the Department of Corrections. The fact that

3

the conviction giving rise to the orders was later deemed void provides no excuse for Ms.

Wynne's decision to flout her obligations. Ms. Wynne's escape convictions were based

on criminal conduct separate from her 2015 controlled substance conviction. Thus, the

escape convictions are not void and, as a result, were properly included in her offender

score for the same reasons set forth in *Paniagua*.

CONCLUSION

The order denying relief from judgment under CrR 7.8(b) is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Fearing, J.

4