IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39298-8-III |
| Respondent, | ) | (Consol. with 39355-1-III) |
| | ) | |
| v. | ) | |
| | ) | |
| ALFRED GALINDO, JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — Following the Supreme Court's decision in *State v. Blake*,[1]

Alfred Galindo, Jr. was resentenced on three counts of felony assault. In these

consolidated appeals, he takes two routes to challenge the use of a prior conviction for

escape from community custody in calculating his offender score on the assault

convictions. First, on appeal from the denial of his CrR 7.8 motion, Galindo argues that

his escape conviction is invalid and should be vacated because at the time he escaped he

was on community custody for a conviction for possession of a controlled substance.

Alternatively, on appeal from resentencing on the three assault charges, Galindo

contends that even if the escape conviction is not invalid the resentencing court

committed error by adding the conviction to his offender score on the assault charges. He

also argues that the resentencing court failed to consider the original sentencing court's evaluation of the crimes, the multiple offense policy, and his rehabilitative efforts, all of which support his request for an exceptional concurrent sentence.

We deny both appeals. Galindo fails to show that his prior conviction for escape from community custody was facially invalid. As such, he fails to demonstrate that his CrR 7.8 motion is timely and inclusion of this offense in calculating his offender score was error. Moreover, the resentencing court properly conducted a de novo resentencing, considered the prior sentencing determinations, and then independently exercised its discretion and declined to impose an exceptional sentence. We affirm Galindo's escape conviction under No. 39355-1-III. We also affirm Galindo's sentence on the assault charges under No. 39298-8-III, but remand with instructions to strike the challenged legal financial obligations (LFOs) from his judgment and sentence on that case.

BACKGROUND

*Galindo* I

In January 2008, Alfred Galindo pleaded guilty to escape from community custody. Galindo was on community custody at the time for possession of a controlled substance.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

In September 2009, Galindo was found guilty of three counts of assault in the first degree. The sentencing court, at that time , imposed an exceptional sentence downward, based on an offender score of "5." In support of the exceptional sentence, the trial court found that the effect of consecutive sentences served very little purpose as far as community safety, and that Galindo suffered with chemical dependency. The State cross-appealed both the legal and factual basis for the exceptional sentence, as well as the failure of the trial court to enter written findings.

On appeal, this court reversed after concluding that "there was no factual basis for finding Mr. Galindo had a chemical dependency problem" and that "chemical dependency is not a basis for an exceptional sentence." *State v. Galindo*, noted at 160 Wn. App. 1033, 2011 WL 2150655, at *9-10. This court concluded that to the extent that the trial court disagreed with the standard range consecutive sentence, judicial disagreement with a presumptive sentence was not a valid basis for an exceptional sentence. Finally, this court rejected Galindo's argument that the sentencing court's reasoning reflected the "multiple offense policy," noting that this policy does not apply when sentencing for multiple serious violent offenses. *Id*. at *11. Because the lack of written findings precluded this court from determining whether the exceptional sentence was justified, this court reversed and remanded for resentencing.

No. 39298-8-III (consol. with 39355-1-III)
*State v. Galindo*

RESENTENCING (*GALINDO* II)

At Galindo's resentencing in December 2011, the trial court denied his request for an exceptional sentence, instead imposing standard range consecutive sentences on the three serious violent first degree assault offenses. Additionally, it imposed $10,564.18 in restitution.

In January 2012, Galindo again appealed, arguing that the sentencing court erred by not imposing an exceptional sentence. Finding no error, this court affirmed. A mandate on this decision was issued May 7, 2013.

*Current Appeal*

In October 2022, Galindo filed a CrR 7.8 motion to vacate his 2008 escape conviction where his community custody was based on a conviction of possession of a controlled substance, as well as a motion for resentencing in the 2009 assault case.

Galindo argued in his CrR 7.8 motion that because the predicate felony underlying the escape from community custody charge was invalid based on the Supreme Court's decision in *Blake*, the sentence itself was invalid and so was any conviction for escaping from an invalid sentence. The superior court rejected this argument and denied the motion to vacate the escape conviction.

Galindo argued, in his motion for resentencing that even if his escape conviction was not invalid, it should not be included in his offender score. Additionally, he asked for an exceptional sentence downward. As grounds for an exceptional sentence, Galindo

4

argued that the court should apply the "multiple offense policy" and consider his rehabilitative efforts while he was incarcerated. In support of this request, he provided the two prior judgment and sentences and evidence to show his rehabilitative work while incarcerated, including certificates of achievement and letters of recommendation.

The State conceded that Galindo's offender score should be reduced by one point because the possession of a controlled substance charge was vacated. Additionally, the State agreed that the court had discretion to impose an exceptional concurrent sentence even on multiple serious violent offenses. Despite this discretion, the State asked the court to impose a standard range sentence, which included consecutive sentences on the three assault convictions.

Before imposing the sentence, the trial court noted that it had reviewed the procedural history of Galindo's case, the evidence of rehabilitation efforts, and Galindo's letters of recommendation. The court also recognized that it had the authority to impose an exceptional sentence by running the sentences concurrent. Ultimately, the court denied Galindo's request for an exceptional sentence downward, explaining:

> It is very difficult to ignore what you have done. I do not, in any way, shape or form make light of the strides that Mr. Galindo has made and any other defendant who has made similar progress. To just outright ignore those changes and pretend like they don't exist, doesn't sit well with me as a judicial officer.
>
> . . .

I do believe that Mr. Galindo is on a very different path than he was at the time of the commission of what Judge Tompkins described [in *Galindo* II]. To be a really rather horrific act. The victims in this case were in such fear for no fault of their own. They did nothing to be put in the place that Mr. Galindo put them by his acts. I believe that Mr. Galindo, based upon what has been represented to this Court, understands that quite thoroughly.

. . . .

It is within this Court's discretion to run these sentences concurrently. It is the directive of the statute to run these sentences consecutively. I have tried to be as consistent as I can in these resentencings, and I know in certain circumstances, I am not as consistent as I probably should be or could be or I suppose as clear as I can be to the participants here. What I want Mr. Galindo to understand is that I have considered all of this information. While it may seem very clear to him that Judge Leveque [in *Galindo* I] originally wanted to—or attempted to run these sentences concurrently, he thought he could not. The file also reflects that Judge Tompkins [in *Galindo* II] had a vastly different position on the interpretation of the facts. My view of the facts are similar to hers. The sentence should follow the statutory scheme.

Rep. of Proc. (RP) at 26-27.

Using an offender score of "4," the court imposed a sentence of 129 months on count 1, and using an offender score of "0" on the remaining two counts, imposed a consecutive sentence of 93 months each. In addition, noting it was previously imposed, the court added the $500 victim penalty assessment (VPA). It struck the $100 DNA fee, because it was waived on resentencing, and noted $10,564 in restitution that was previously entered.

Galindo appeals.

6

ANALYSIS

1.  VALIDITY AND USE OF ESCAPE CONVICTION

Galindo assigns error to the superior court's denial of his CrR 7.8 motion to vacate

his 2008 conviction for escape from community custody.  In Galindo's second appeal, he

contends that the trial court erred in adding one point to his offender score for the assault

convictions based on the prior escape conviction.  Both issues are based on the logic that

since Galindo's prior conviction for possession of a controlled substance is invalid, his

sentence on this charge was also invalid, therefore his conviction for escape from

community custody was invalid.  Both arguments fail because Galindo does not

demonstrate that his conviction for escape is facially invalid.

We review the superior court's order denying Galindo's CrR 7.8 motion for abuse

of discretion.  *See State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d 228

(1997).  "Discretion is abused if the trial court's decision is manifestly unreasonable or is

based on untenable grounds."  *State v. Martinez*, 121 Wn. App. 21, 30, 86 P.3d 1210

(2004).  This court reviews a trial court's offender score calculation de novo.  *State v.*

*Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019).

Both issues raised by Galindo require him to show that the escape conviction is

facially invalid.  Galindo's first argument is a challenge to the validity of the escape

conviction by way of a CrR 7.8 motion he filed more than a year after the escape

conviction became final.  Thus, the motion is untimely unless he can show that the escape

judgment is facially invalid or meets one of the exceptions provided in RCW 10.73.100. "Similar to other collateral challenges, a motion under CrR 7.8(b) may not be filed more than one year after the judgment becomes final 'if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.'" *State v. Fletcher*, 19 Wn. App. 2d 566, 573, 497 P.3d 886 (2021) (quoting RCW 10.73.090(1)).

A judgment is facially invalid if it exceeds the trial court's authority. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016). Examples of facially invalid judgments include a sentence that exceeds the statutory maximum, a miscalculated offender score that improperly increases the standard range, and a conviction for a nonexistent crime. *See In re Pers. Restraint of Fletcher*, 3 Wn.3d 356, 552 P.3d 302 (2024); *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004). The alleged defect must be evident from the face of the judgment, which may include the charging document and verdict forms. *In re Pers. Restraint of Scott*, 173 Wn.2d 911, 917, 271 P.3d 218 (2012).

Galindo alleges that his conviction for escape from community custody is invalid. However, he points to a defect that is not evident from the face of the judgment for the escape conviction. Instead, Galindo relies on documents from another case to support his argument. Because he fails to show that his escape conviction is facially invalid, Galindo fails to demonstrate that his CrR 7.8 motion was timely. Thus, the trial court did not abuse its discretion in denying Galindo's CrR 7.8 motion to vacate the escape conviction.

Even if we were to consider the substance of Galindo's argument, it would fail. Galindo next argues that the use of his escape conviction in calculating his offender score on the assault convictions was error. While the State is not required to prove "the constitutional validity of a prior conviction" before using it in calculating an offender score, "a sentencing court may not consider . . . a prior conviction [that is] constitutionally invalid on its face." *State v. Paniagua*, 22 Wn. App. 2d 350, 355, 511 P.3d 113 (2022).

"When a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face." *Id.* at 355-56. Here, the State did not convict Galindo of a nonexistent crime. Escape from community custody is still in existence today and Galindo does not argue otherwise.

As we noted in our unpublished decision in *Wynne*, the validity of a conviction for escape from community custody does not turn on the constitutionality of the crime giving rise to the community custody sentence. *State v. Wynne*, No. 39351-8-III, slip op. at *1 (Wash. Ct. App. July 23, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/393518_unp.pdf (citing *State v. Gonzales*, 103 Wn.2d 564, 567, 693 P.2d 119 (1985)). Even though Galindo's conviction for possession of a controlled substance was later vacated, he was required to continue serving his sentence on that charge until it was "discharged by due process of law." *Paniagua*, 22 Wn. App. 2d at 358.

9

Galindo relies on *State v. Rahnert*, 24 Wn. App. 2d 34, 516 P.3d 1054 (2022) and *State v. French*, 21 Wn. App. 2d 891, 500 P.3d 1036 (2022), which are factually and legally distinguishable. In both cases, the trial courts held that it was improper to add a point for committing an offense while on community custody when the community custody was based on an underlying unconstitutional conviction. *Rahnert*, 24 Wn. App. 2d at 35; *French*, 21 Wn. App. 2d at 894. Both courts recognized that community custody is a penalty and when that penalty is imposed as a result of a void statute, the penalty is void as well. *Rahnert*, 24 Wn. App.2d at 37. Since the underlying sentence, which included community custody, was void, "adding a point for being on community custody for an invalid sentence would . . . 'renew[ ]' the constitutional violation." *Id*. (alterations in original) (quoting *French*, 21 Wn. App. 2d at 897).

Both *Rahnert* and *French* address the use of an invalid penalty or sentence for purposes of current sentencing. Here, the trial court did not use an invalid penalty to increase Galindo's offender score. Galindo's conviction for escape from community custody is a wholly separate issue, even when that community custody is an invalid sentence. The penalty is invalid; the conviction is not.

We affirm the trial court's inclusion of Galindo's prior conviction for escape from community custody in his offender score and deny Galindo's related appeal challenging the validity of the escape conviction.

2.   ADDITIONAL SENTENCING CHALLENGES

Galindo contends this court should remand for the trial court to apply the sentencing court's evaluation from 2009 and its application of the multiple offense policy for a downward exceptional sentence. Additionally, he argues the resentencing court erred by failing to consider Galindo's rehabilitation. We reject both arguments. Following *Blake*, the superior court properly conducted a de novo resentencing. The court exercised its discretion and chose not to impose an exceptional sentence downward even after considering Galindo's rehabilitation efforts.

When a defendant is resentenced pursuant to *Blake*, it shall be done de novo. *State v. Edwards*, 23 Wn. App. 2d 118, 122, 514 P.3d 692 (2022). The resentencing court will not be bound by collateral estoppel when the original sentence is no longer a final judgment on the merits. *State v. Brown*, 193 Wn.2d 280, 286-87, 440 P.3d 962 (2019). Thus, at resentencing, the parties may "advance any and all factual and legal arguments regarding . . . [an] offender score and [re]sentencing range." *Edwards*, 23 Wn. App. 2d at 122. Additionally, although the resentencing judge may consider a prior ruling during the sentencing of the defendant, the judge should still exercise independent discretion. Otherwise, the offender is deprived of de novo review. *State v. Dunbar*, 27 Wn. App. 2d 238, 244, 532 P.3d 652 (2023).

RCW 9.94A.589(1) and (2) set the standards on when concurrent and consecutive sentences should be imposed. A sentence that departs from these standards is considered

11

an exceptional sentence subject to RCW 9.94A.535. Under RCW 9.94A.535, a court "may impose a sentence outside the standard sentence range . . . if it finds . . . there are substantial and compelling reasons justifying an exceptional sentence." Relevant here, a court may impose an exceptional sentence where it finds "the operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive." RCW 9.94A.535(1)(g).

Generally, a standard range sentence is not appealable and a defendant is not entitled to an exceptional sentence below the standard range. *See* RCW 9.94A.585(1). However, the general rule does not prevent a defendant from raising constitutional challenges or procedural errors. *State v. Garcia-Martinez*, 88 Wn. App. 322, 329-30, 944 P.2d 1104 (1997).

Here, the court conducted a de novo resentencing. It exercised independent discretion and declined to impose an exceptional sentence downward. In doing so, the court recognized its authority to run these sentences concurrently although the statute directs running them consecutively. It acknowledged the conflict between the court in *Galindo* I and *Galindo* II, pointing out that one court ran the sentences concurrently, while the other ran them consecutively. However, after considering all the information and reviewing the facts, the resentencing court ordered a standard range sentence that required consecutive sentences.

12

Galindo contends that our decision in *Galindo* I, that the multiple offense policy was not available for serious violent offenses, was wrong and later overturned in *State v. McFarland*, 189 Wn.2d 47, 53, 399 P.3d 1106 (2017). He goes on to contend that our incorrect decision in *Galindo* I resulted in him being resentenced and ultimately losing the benefit of the exceptional concurrent sentence imposed by the first judge. In this third appeal he suggests that we should remedy our incorrect decision in *Galindo* I by remanding with instructions to re-impose the exceptional sentence imposed by the first judge. He cites no authority to support his challenge to the standard range sentence imposed at his last resentencing or for his suggestion that he is entitled to an exceptional sentence.

Galindo next contends the resentencing court relied on the previous court's decision in *Galindo* II, to find that a standard range sentence was not excessive, indicating it needed to "follow" the "statutory scheme" rather than exercise its discretion. Br. of Appellant at 22. This argument mischaracterizes the record. The court also stated "[i]t is within this Court's discretion to run these sentences concurrently." RP at 27. Thus, while the resentencing court acknowledged the decision in *Galindo* I and *Galindo* II, it still recognized its independent discretion to impose a concurrent exceptional sentence but declined to do so.

Finally, Galindo argues the resentencing court erred when it failed to consider his rehabilitation over the past 12 years, arguing *State v. Dunbar*, 27 Wn. App. 2d 238, 532 P.3d 652 (2023) controls. We disagree.

In *Dunbar*, this court held that rehabilitative efforts can be considered for purposes of setting a sentence within the standard range. *Id*. at 248. We also recognized that RCW 9.94A.340, as interpreted by our Supreme Court in *State v. Law*, 154 Wn.2d 85, 92-104, 110 P.3d 717 (2005), prohibits the consideration of personal factors to depart from a standard range sentence. Ultimately, we remanded for resentencing because the resentencing court adopted the previous sentence without exercising the independent discretion required by de novo resentencing. *Dunbar*, 27 Wn. App. 2d at 243.

Here, Galindo asked for a low-end sentence of 129 months on count 1, and 93 months on counts 2 and 3. He also asked for an exceptional sentence by running these sentences concurrent. The court imposed the low-end sentences Galindo requested, but did not run them concurrently. In doing so, the court noted that it had reviewed all the materials submitted by the parties and acknowledged the rehabilitative efforts made by Galindo. Galindo fails to show any abuse of discretion.

3.   VICTIM PENALTY ASSESSMENT

Galindo contends that the VPA, community custody supervision fees, and interest accrual should be struck based on statutory amendments. The State argues that lack of finality is a requirement for the prospective application of LFO statutory amendments.

Thus, the State contends the *Blake* resentencing hearing was required to correct only a facial invalidity in the defendant's judgment—the inclusion of a void possession of a controlled substance charge, and the necessary reduction to the defendant's offender score and associated standard range. We disagree with the State, finding that a *Blake* resentencing is a full resentencing hearing.

Former RCW 7.68.035(1)(a) (2018) required the VPA to be imposed on any individual found guilty of a crime in superior court. Effective July 1, 2023, RCW 7.68.035(4) provides that the VPA shall not be imposed against an adult who is indigent at the time of sentencing. *See* LAWS OF 2023, ch. 449, § 1. This amendment applies prospectively to cases pending on direct appeal that are not final. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

Here, Galindo was found indigent and his *Blake* resentencing took place in October 2022 prior to the effective date of the amendment. The issue then turns on whether the *Blake* resentencing reopens finality as to the VPA issue. While the Supreme Court has not addressed this specific issue, in *Dunbar*, this court provided a thorough discussion of resentencing parameters in Washington as well as other jurisdictions.

"When a reviewing court reverses or vacates a sentence, resentencing is de novo in nature." *Dunbar*, 27 Wn. App. 2d at 245. Accordingly, "[r]esentencing must proceed as an entirely new proceeding when all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights."

15

*Id.* Resentencing "should be free to consider any [and all] matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *Id.* at 248. Because Galindo's resentencing was a full resentencing, and his case was not final when the statute was amended, all matters, including the VPA, were before the resentencing court, and are before this court now.[2]

*Community Supervision Fees*

"Until recently, former RCW 9.94A.703(2)(d) (2018) provided, 'Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by [The Department of Corrections].'" *State v. Wemhoff*, 24 Wn. App. 2d 198, 200, 519 P.3d 297 (2022) (alterations in original) (quoting SECOND SUBSTITUTE H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022)). In 2022, the statue was amended, deleting this subsection from the statute. *Id.* at 200. This amendment was effective at the time of Galindo's resentencing in October 2022. Although Galindo did not preserve an objection in the trial court to the community supervision fees, this should not bar his relief. *See State v. Blazina*, 182 Wn.2d 827, 832-34, 344 P.3d 680 (2015) (exercising discretion to review an LFO raised for the first time

---

[2] Although unpublished, this court also addressed this issue in *State v. Jones*, No. 39422-1-III (Wash. Ct. App. June 6, 2024), finding that the defendant enjoyed the benefit of the amended statute because his appeal was not yet final for the purposes of sentencing.

on appeal). We exercise our discretion to review this issue and grant Galindo's requested relief, remanding with instructions to strike the community custody supervision fees.

*Interest Accrual*

Finally, RCW 10.82.090 provides that "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." Similar to the community supervision fees, this amendment was effective at the time of Galindo's resentencing. Although Galindo did not object at sentencing, we grant his request for relief and remand with instructions to strike the interest accrual.

We deny Galindo's appeal in No. 39355-1-III and find that his conviction for escape from community custody is valid. Additionally, we affirm his sentence in No. 39298-8-III, but remand with instructions to strike the VPA, community custody fees, and any interest on nonrestitution legal financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____ _____
Fearing, J.          Cooney, J.